AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| WILNER MADEUS | ) | Case No. 22-6496-Valle |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____OCTOBER 24,2022_____ in the county of _____BROWARD_____ in the
_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 31 U.S. Code Section 5332(a)(1)(A) | Failing to File a report with the Secretary of The Treasury |
| Title 31 U.S. Code Section 5332(a) | Bulk Cash Smuggling Out of the United States |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

S/A Travis Stultz Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____10/25/2022_____

_____
*Judge's signature*

City and state: _____Fort Lauderdale, Florida_____

ALICIA VALLE, U.S. Magistrate Judge
*Printed name and title*

<u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>

I, Travis Stultz, being duly sworn, depose and state as follows:

1.     I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI) and have been so employed since September of 2020. I am currently assigned to the Ft. Lauderdale Airport Transportation Conspiracy Unit. As a Special Agent with HSI, my duties and responsibilities include enforcing criminal and administrative immigration and customs laws of the United States. I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 31, 18 and 21 of the United States Code.

2.     As a Special Agent with HSI, I have received training in financial investigations involving physical and electronic surveillance, the execution of search and arrest warrants, and the smuggling of illicit proceeds. Based on my training and experience, I am familiar with the methods and practices of criminal financial organizations and their operations, including the use of international shipping methods to transport illicit proceeds from the United States to foreign countries.

3.     I make this affidavit in support of a criminal complaint charging Wilner MADEUS ("MADEUS") with the intent to evade a currency reporting requirement under Title 31, Section 5316 by knowingly concealing more than $10,000.00 in currency in his baggage and transporting or attempt to transport such currency from the United States to Haiti, in violation of Title 31, United States Code, Section 5332. In addition, there is probable cause to believe that MADEUS violated Title 31, United States Code, Section 5316 for failing to file an accurate FinCEN report.

4.     The information contained in this affidavit is based upon my own personal knowledge and my review of documents and records gathered during the course of this investigation, as well as information obtained, directly or indirectly, from other sources and agents, including information provided to me by other agents and employees who are involved in the

1

investigation. I have not included in this Affidavit each fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause in support of the criminal complaint.

5.     On or about October 24, 2022, HSI Special Agents received notification from United States Customs and Border Protection ("CBP") that MADEUS was attempting to depart on October 24, 2022, from Ft. Lauderdale/Hollywood International Airport to Port-Au-Prince, Haiti on board JetBlue Airways Flight 1709 without reporting all the currency in his possession.

6.     CBP Officers encountered MADEUS at the gate to the aircraft leaving outbound to Haiti. CBP conducted an outbound inspection of MADEUS and asked MADEUS if he was transporting more than $10,000.00 in monetary instruments for himself and/or someone else. MADEUS declared that he was transporting $16,800.00. MADEUS was given multiple opportunities to count and verify his currency before completing the FinCEN 105. MADEUS declared in writing on FinCEN 105 the amount of $16,800.00 USD.  MADEUS circled "YES" in response to the question "Are you transporting more than $10,000 in monetary instruments for yourself and/or for someone else?" MADEUS wrote "$16,800" on the line next to the question "How much currency or monetary instruments are you transporting in total?"

7.     CBP Officers conducted a search of MADEUS, his carry-on bag, and suitcase pursuant to their border search authority. During the search, CBP officers discovered a total of $76,125 on MADEUS's person and within numerous envelopes stored within his concealed in MADEUS pocket, wallet, and his carry-on bag. A final count of the currency was conducted by CBP PERT Officer Espinal and witnessed by CBP PERT Officer Baez and determined to be a total of $76,125.00 US dollars in the form of 443 $100 dollar bills, 371 $50 dollar bills, 669 $20 dollar bills, 39 $10 dollar bills, 87 $5 dollar bills, and 70 $1 bills. HSI Special Agents were contacted and responded to investigate.

8.     After being detained MADEUS wrote down on the palm of his hand additional amounts of money, which totaled an additional $28,500 without referencing his phone or any paperwork he had on

2

him.  When asked why he did not declare this money until questioned, he stated it was not his, but rather other people's money he was transporting.

9.      During a post Miranda statement, MADEUS admitted that he under-declared the amount of money he was transporting, and he was doing so on behalf of other individuals. MADEUS admitted to knowingly possessing more than $16,800 and falsely completing the FinCEN Form 105.  MADEUS was transporting approximately $76,125.00 contained in various labeled envelopes, in his pockets and carry-on bag.  MADEUS stated, post Miranda, that he was aware of the currency reporting requirements and that he had been stopped and interviewed on December 03, 2001, for concealing $23,604.00 in a bag flying from Miami, FL to Port-Au-Prince, Haiti. An interview confirmed he was an unlicensed courier, the money was seized, but he was not charged.  MADEUS stated that he has transported currency for many other people multiple times in past travels to Haiti and is paid varies amounts for doing so. MADEUS was to be paid $5 for every $100 transported for his fees on this trip.  MADEUS said he owns his own Irrigation business and has an import/export company that is called Bon Berger which imports/exports food products.

THIS SPACE LEFT INTENTIONALLY BLANK

WHEREFORE, based on the foregoing, your Affiant submits that there is probable cause to believe that on October 24, 2022, MADEUS, intended to evade a currency reporting requirement under section 5316(a)(1)(A) by knowingly concealing more than $10,000 in currency on his person and in his baggage, and transporting or attempt to transport such currency from the United States to Haiti, in violation of Title 31, United States Code, Sections 5332(a).   In addition, there is probable cause to believe that MADEUS violated Title 31, United States Code, Section 5316(a)(1)(A) for failing to file an accurate FinCEN report.

*FURTHER AFFIANT SAYETH NAUGHT.*

TRAVIS STULTZ, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed
this _____ day of October, 2022.

ALICIA VALLE
UNITED STATES MAGISTRATE JUDGE

4